# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **JOYCE PHILLIPS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:04CV00041 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **BACHO DEVELOPMENT** ) | By: James P. Jones |
| **CORPORATION, ETC.,** ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

*Hugh F. O'Donnell, Client Centered Legal Services of Southwest Virginia, Norton, Virginia, for Plaintiff; Jeffery A. Sturgill, Sturgill & Kennedy, Wise, Virginia, for Defendant.*

In this case arising under Title VII,[1] the plaintiff claims that her former employer failed to reasonably accommodate her religious beliefs. The defendant employer has moved for summary judgment, contending that it is entitled to judgment as a matter of law. After a review of the present record, I find that genuine issues of material fact exist for trial, thus precluding summary judgment.

The plaintiff, Joyce Phillips, is a Christian whose faith dictates that she attend worship services on Sunday morning and evening. In 1994 she was employed by the defendant, which does business as Double Kwik Markets, and operates convenience

---

[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003).

stores and gas stations. In 2003 she left that employment after a dispute with her employer over Sunday work. After exhausting her administrative remedies, she brought the present lawsuit, claiming that the employer violated her right to be free from religious discrimination. The defendant has now moved for summary judgment, which motion has been briefed by the parties and is ripe for decision.[2]

Under Title VII, a covered employee may obtain relief if her employer discriminated against her "by failing to accommodate her religious conduct." *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1018 (4th Cir. 1996) (emphasis omitted). To establish such a claim, "a plaintiff must establish that: '(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; (3) he or she was disciplined for failure to comply with the conflicting employment requirement.'" *Id.* at 1019 (citation omitted). If the plaintiff proves a prima facie case, "the burden then shifts to the employer to show that it could not accommodate the plaintiff's religious needs without undue hardship." *Id.*

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see* Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Ross v. Commc'n Satellite Corp.,* 759 F.2d 355, 364 (4th Cir. 1985), *overruled on other grounds*, *Price v. Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

In its Motion for Summary Judgment, the defendant asserts that the record shows as a matter of law that (1) the plaintiff was not fired for failure to work on Sunday, but rather voluntarily quit; and (2) not requiring her to work on Sunday would have imposed an undue hardship on the employer. My review of the present record, however, indicates that these issues are in factual conflict, and thus summary judgment is inappropriate.[3]

---

[3] In their briefs, the parties refer to and quote from deposition testimony in the case. However, no depositions are "on file" as required by Federal Rule of Civil Procedure 56(c). I have therefore not considered any deposition testimony in ruling on the present motion. *See Whitlock v. Duke Univ.*, 829 F.2d 1340, 1343 (4th Cir. 1987) (holding that district court was not required to consider deposition testimony where depositions themselves had not been filed with reference to summary judgment motion). While depositions, along with other discovery, are not routinely filed, they must be filed when used in the proceeding. *See* Fed. R. Civ. P. 5(d).

- 3 -

Case 2:04-cv-00041-JPJ-PMS   Document 41   Filed 09/18/05   Page 3 of 4   Pageid#: 197

For these reasons, it is **ORDERED** that the Motion for Summary Judgment is DENIED.

> ENTER: September 18, 2005
>
> /s/ JAMES P. JONES
> Chief United States District Judge